IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TONY TURNER, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | )   Case No. 1:23-cv-01183-STA-jay |
| WESTLAKE PIPING AND FITTINGS | ) |
| CORPORATION, formerly known as | ) |
| LASCO FITTINGS, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Westlake Piping and Fittings Corporation's, formerly known as Lasco Fittings, Inc., Motion for Summary Judgment (ECF No. 36) and Motion for Judgment on the Pleadings (ECF No. 39). Plaintiff Tony Turner has responded in opposition to Defendant's Motion for Summary Judgment. However, Plaintiff has not responded to the Motion for Judgment on the Pleadings. Defendant has filed a reply in further support of its Rule 56 Motion. For the reasons set forth below, both Motions are **GRANTED**.

## BACKGROUND

Plaintiff filed his Complaint for Discrimination on September 1, 2023, alleging claims under the following laws: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by § 1981a; Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791; Section 15 of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; and 29 C.F.R. § 1614.101 (a) & (b). Plaintiff alleged that Defendant, his former employer, was liable for

1

discrimination on the basis of race and disability and retaliation for protected activity.[1] The Complaint alleged that Plaintiff had properly exhausted his claim for disability discrimination with the Equal Employment Opportunity Commission. Compl. ¶ 10. Defendant denies the allegations. The parties have now completed discovery, and a jury trial is to begin January 27, 2025.

In order to decide Defendant's Rule 56 Motion, the Court must consider whether any genuine issue of material fact exists that might preclude judgment as a matter of law. A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).[2] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. For purposes of summary judgment, a party asserting that a material fact is not genuinely in dispute must cite to particular parts of the record and show that the evidence fails to establish a genuine dispute or that the adverse party has failed

---

[1] The Complaint contains other allegations about Defendant's actions violating Plaintiff's Fourteenth Amendment rights and Defendant's liability for the actions of its supervisory personnel, specifically a failure "to adequately train, supervise, discipline, or otherwise direct its authorized agents concerning race, age, disability employment discrimination and retaliation . . . ." These allegations suggest a violation of Plaintiff's civil rights by a person or entity acting under color of law. *See* 42 U.S.C. § 1983 (creating a civil action against any person who under color of law deprives the constitutional rights of another). However, as the Complaint alleges, Defendant is a "private corporation." Compl. ¶ 6.

[2] Plaintiff argues in his separate paper responding to Defendant's Statement of Facts that Defendant failed to indicate whether its factual assertions were material facts. Plaintiff contends that Defendant's "failure to properly designate the facts should preclude this Court from granting summary judgment." Pl.'s Resp. to Def.'s Undisputed Statement of Facts (ECF No. 45-1). Plaintiff does not actually develop this argument further and cites no legal authority to show why his point should preclude the Court from reaching the merits of Defendant's Rule 56 Motion. Moreover, Plaintiff has responded to each of the facts asserted by Defendant, either by agreeing the fact is undisputed or arguing that a fact remains in dispute. The Court has no reason then to find that it cannot decide Defendant's Motion for Summary Judgment.

to produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1). Local Rule 56.1(a) requires a party seeking summary judgment to prepare a statement of facts "to assist the Court in ascertaining whether there are any material facts in dispute." Local R. 56.1(a). In support of its Motion for Summary Judgment, Defendant has filed a Statement of Undisputed Facts, to which Plaintiff has responded.

Based on the parties' submissions, the Court finds that the following facts are undisputed for purposes of summary judgment, unless otherwise noted. Defendant permitted Plaintiff to be excused from work on a personal leave of absence for 30 days, from September 23, 2021, to October 24, 2021. Def.'s Statement of Undisputed Fact ¶ 1. On October 23, 2021, during his first personal leave of absence, Plaintiff attended a college football game in Ann Arbor, Michigan. *Id*. ¶ 2. Defendant did not require Plaintiff to provide medical documentation to be approved for the personal leave of absence. *Id*. ¶ 3. Plaintiff then requested and Defendant approved a second 30-day period of leave, extending Plaintiff's personal leave of absence to November 22, 2021. *Id*. ¶ 4.

Plaintiff did not return to work as scheduled after November 22, 2021. *Id*. ¶ 5. Plaintiff's absence from work between November 23, 2021, until January 4, 2022, was unexcused. *Id.* ¶ 6.[3] The "Personal Leave of Absence Request" form, which was filled out, signed, and acknowledged by Plaintiff on November 1, 2021, to extend his personal leave of absence, stated that "if I do not report for work on my first schedule[d] work day after my leave expires then I will be involuntarily terminated from my position at LASCO Fittings, Inc." *Id*. ¶ 7. Having not heard from Plaintiff for

---

[3] Plaintiff has responded to Defendant's Statement of Facts in paragraphs 5 and 6 that the facts are disputed. As evidentiary support, Plaintiff cites a document (ECF No. 36-10, Page ID 248) containing information provided to the EEOC during the administrative proceedings. The page cited states that "EAP physician Dr. Cravens faxed over the medical documents to HR Mead."

three weeks after his leave expired, Defendant provided Plaintiff with a medical inquiry form for requesting accommodation on or about December 16, 2021. *Id.* ¶ 8. Gayle Michael Cravens, Plaintiff's counselor, of Association of Behavioral Counselors returned a partially completed form on or about December 28, 2021. *Id.* ¶ 9. Plaintiff did not provide any other information or documentation to support his unexcused absences in November and December 2021. *Id.* ¶ 10.

Dr. Cravens testified at his deposition that Plaintiff told him he refused to return to work until Defendant did what Plaintiff "wanted them to do." *Id.* ¶ 11. Plaintiff also told Dr. Cravens that he was "not going back until they fix this and I am happy." *Id.* ¶ 12. Plaintiff did not have any consultations with Dr. Cravens between October 28, 2021, and March 15, 2022. *Id.* ¶ 13. Dr. Cravens did not state that Plaintiff could not do the functions of his job any time between November 22, 2021, and December 28, 2021. *Id.* ¶ 14.[4]

Defendant terminated Plaintiff's employment on January 10, 2022. *Id.* ¶ 15. On or about May 25, 2022, Plaintiff filed a Charge of Discrimination with the EEOC. *Id.* ¶ 16. In the Charge of Discrimination, Plaintiff alleged discrimination solely on the basis of his alleged disabilities. *Id.* ¶ 17. Plaintiff's Charge did not allege race discrimination or any Title VII violations. *Id.* ¶ 18. Plaintiff stated in an interview with an EEOC investigator that he "did not experience any offensive comments, behavior, or gestures made toward [him] from coworkers or management based on his race/color." *Id.* ¶19. Plaintiff never complained about racially derogatory language by Christopher "Shea" Davis to Defendant. *Id.* ¶ 20.

---

[4] In response to this statement, Plaintiff once more answers that Dr. Cravens diagnosed him with adjustment disorder with a combination of depression and anxiety and that Dr. Cravens was qualified to make the diagnosis. However, Plaintiff has not shown why the diagnosis creates a genuine dispute over the fact that Dr. Cravens had not opined about Plaintiff's ability or inability to perform the functions of his normal work activity.

Plaintiff has responded to Defendant's statement of undisputed facts but largely does not dispute any of Defendant's contentions. Plaintiff disputes only the facts surrounding his absences from the job in November and December 2021. And the only evidence Plaintiff cites to oppose Defendant's view of the proof is a document (ECF No. 36-10, Page ID 248), containing notes from an EEOC investigator's interview with Plaintiff during the administrative proceedings. The page cited states that "EAP physician Dr. Cravens faxed over the medical documents to HR Mead," a reference to Plaintiff's counselor Dr. Cravens and Defendant's human resources manager Christopher Mead. Pl.'s Resp. to Def.'s Statement of Undisputed Fact ¶¶ 5-8. This single statement, however, fails to show why a dispute exists over whether Plaintiff returned to work after November 22, 2021, or whether his absences from November 23, 2021, to January 4, 2022, were unexcused. The statement about Plaintiff's doctor faxing documents to Defendant records does not explain why the submission of the records creates a genuine dispute about Plaintiff's absence from work.

Plaintiff's responses suffer from a number of additional problems. Although Plaintiff asserts that Dr. Cravens is a licensed psychologist and that Defendant referred Plaintiff to Dr. Cravens, *id.* ¶¶ 9, 10, 14, Dr. Cravens testified in his deposition that he was not a licensed psychologist. Cravens Dep. 15:2-15 (ECF No. 45-2). Dr. Cravens has a doctorate of education in counseling and holds a license as a professional counselor. *Id.* at 14:21-15:1. Dr. Cravens also denied that Defendant referred Plaintiff to him and instead testified that Plaintiff informed Dr. Cravens Defendant had referred Plaintiff to him. *Id.* at 15:16-16:1. Dr. Cravens did testify that he is authorized to give diagnosis pursuant to DMS-5. Pl.'s Resp. to Def.'s Statement of Undisputed Fact ¶¶ 9, 10, 14. Dr. Cravens diagnosed Plaintiff with adjustment disorder with a combination of depression and anxiety. *Id*. Lastly, Plaintiff asserts that he returned to work on January 4, 2022,

5

when Defendant refused to accept Dr. Cravens's paperwork, an apparent reference to the documents Dr. Cravens faxed to Defendant as part of Plaintiff's request for an accommodation. *Id*. ¶ 7.

The Court finds that Plaintiff's responses fail to show why a dispute exists over whether Plaintiff returned to work after November 22, 2021, or whether his absences from November 23, 2021, to January 4, 2022, were excused. At best, Plaintiff's proof implies that Plaintiff requested an accommodation sometime in December 2021. Dr. Cravens completed (in part) a form to document Plaintiff's diagnosis. However, Plaintiff has not shown why he waited several weeks from the end of his approved leave on November 22, 2021, to seek some accommodation. In fact, Plaintiff never cites any evidence to show what accommodation he requested. Plaintiff's responses to Defendant's Statement of Undisputed Facts do not show why Plaintiff did not return to work when his period of approved absence expired on November 22, 2021, or why his absences for a period of weeks thereafter were excused.

In its Motion for Summary Judgment, Defendant argues that the Court should grant summary judgment on Plaintiff's Title VII claims. First, Defendant contends that Plaintiff never administratively exhausted the claims by filing a charge of discrimination with the EEOC. The EEOC charge did not check the boxes for "race" or "retaliation" as the basis for Plaintiff's claims of discrimination. The charge alleged only disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The Court should grant Defendant judgment as a matter of law on the Title VII claims for race discrimination and retaliation for this reason alone.

On the merits Defendant goes on to argue that Plaintiff has no proof to show that Defendant treated him differently than other employees outside of Plaintiff's protected class. Plaintiff cannot prove that he was similarly situated to the employees he had identified in his judicial Complaint.

6

Each supposed comparator reported to a different supervisor, and Plaintiff's conduct was not similar to the conduct of his comparators.  And Defendant had a legitimate, nondiscriminatory reason for terminating Plaintiff. The undisputed proof shows that Defendant discharged Plaintiff for excessive absenteeism.  At the final stage of the burden-shifting framework, Plaintiff cannot show that Defendant's explanation was pretextual.  For each of these reasons, Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's Title VII claims for race discrimination and retaliation.

The balance of Defendant's Motion for Summary Judgement is addressed to Plaintiff's other allegations.  Plaintiff has failed to allege and has no proof that his race was the "but for" cause of his termination, a necessary predicate for any claim under 42 U.S.C. § 1981.  Also, Defendant learned of additional facts during discovery that would also support its decision to terminate Plaintiff's employment under the after-acquired evidence rule.  It is undisputed that Plaintiff missed 26 consecutive days of work during his medical leave of absence.  However, Defendant can now show that Plaintiff had stopped going to therapy sessions for his mental health treatment and instead spent part of his leave traveling for personal reasons. According to Defendant, Plaintiff's own therapist testified that he formed the belief Plaintiff was abusing the leave system to extend his time off from work.  Finally, Plaintiff cannot hold Defendant liable under the Rehabilitation Act because Defendant is not a federal employer.  Even if he could, Plaintiff has no proof to show that Defendant violated the Act.

Plaintiff has responded in opposition to Defendant's Motion for Summary Judgment. Plaintiff's arguments are not entirely clear.  Plaintiff does not address Defendant's argument that Plaintiff failed to allege race discrimination or retaliation in his administrative charge of discrimination or Defendant's arguments about Plaintiff's other causes of action.  Plaintiff seems

7

to argue that he has direct evidence of discrimination, though he cites no such evidence. Plaintiff also argues that he can prove a prima facie case of discrimination, mainly by showing that he requested an accommodation for his mental health needs just like the accommodation requested by another employee named Zach Walls. Plaintiff claims that Defendant accommodated Walls but denied Plaintiff's request. Plaintiff does not actually spell out what the accommodation was. Plaintiff just argues that Defendant has not introduced any evidence to support its claim that Plaintiff and Walls were not similarly situated because they had different supervisors. And in one part of his brief Plaintiff states that Defendant fired him after he filed his charge of discrimination. However, the undisputed evidence shows that Defendant fired Plaintiff in January 2022 and Plaintiff filed his charge of discrimination in May 2022.

In its separately filed Motion for Judgment on the Pleadings, Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's remaining claims. Defendant contends that the Complaint mentioned the ADEA but contains no facts to state a claim for age discrimination. Next, Defendant reiterates its arguments that Plaintiff has failed to plead "but for" causation to support his § 1981 claim for race discrimination or that the Complaint states a plausible claim under the Rehabilitation Act or one its regulations, 29 C.F.R. § 1614.101. Likewise, Plaintiff has done nothing to plead any facts to support his claim for retaliation. Defendant therefore seeks judgment on the pleadings as to each of these claims. Plaintiff never responded to Defendant's Rule 12(c) Motion, and the time to respond has now expired.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317,

8

322 (1986). The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court does not engage in "jury functions" like "credibility determinations and weighing the evidence." *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 515 (6th Cir. 2019) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). Rather, the question for the Court is whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson*, 477 U.S. at 252. In other words, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

The Court holds that Defendant is entitled to judgment as a matter of law on each cause of action alleged by Plaintiff. As a threshold matter, the Court finds that Plaintiff has failed to address many of the dispositive arguments raised in Defendant's Motion for Summary Judgment and that Plaintiff has failed altogether to respond to Defendant's Motion for Judgment on the Pleadings. When a party "fails to address [an argument] in response to a motion for summary judgment," the argument is deemed waived. *Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018) (citations omitted). And when a party waives its opposition to an argument, "district courts in this

9

Circuit grant summary judgment as a matter of course." *Id.* (collecting cases).  Here, Plaintiff has not addressed any of the following arguments in Defendant's Motion for Summary Judgment: (1) that Plaintiff failed to administratively exhaust his Title VII claims for race discrimination and retaliation; (2) that Plaintiff has not alleged and cannot prove a § 1981 claim without evidence that race was the "but for" cause of his termination; (3) that Plaintiff stopped going to counseling sessions during his leave of absence from work; and (4) that Defendant cannot be liable under the Rehabilitation Act.  Because Plaintiff has not addressed any of these issues as part of his response to the Motion for Summary Judgment, the Court finds that Plaintiff has waived the issues. Therefore, Defendant is **GRANTED** summary judgment on each point.

Likewise, Plaintiff did not respond at all to Defendant's Motion for Judgment on the Pleadings. Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings may be granted where the moving party "is entitled to judgment as a matter of law." *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010).  A plaintiff forfeits a claim for relief by failing to respond to a defendant's motion for judgment on the pleadings.  *Threat v. City of Cleveland, Ohio*, 6 F.4th 672, 681 (6th Cir. 2021). Defendant's Rule 12(c) Motion argues (1) that that the Complaint fails to state a claim for age discrimination under the ADEA; (2) that the Complaint fails to plead "but for" causation to allege Plaintiff's § 1981 claim for race discrimination; (3) that the Complaint fails to state a plausible claim under the Rehabilitation Act or one its regulations, 29 C.F.R. § 1614.101; and that (4) that the Complaint does not allege any facts to support a claim for retaliation.  The result of Plaintiff's failure to respond in any way to Defendant's Rule 12(c) Motion is a forfeiture of each of the claims

10

addressed in the Motion. Therefore, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

The only substantive issue addressed in Plaintiff's response brief is the merits of his race discrimination claims. As the Court has noted, however, Plaintiff never responded to Defendant's argument that Plaintiff had failed to include the race discrimination and retaliation claims as part of his EEOC charge or that Plaintiff failed to plead the elements of a § 1981 claim.  Plaintiff's failure to address the arguments is fatal to his Title VII and § 1981 claims.  Even if it were not, Plaintiff has not shown why a genuine dispute remains for trial on his race discrimination claims under either Title VII or § 1981. *Smith v. City of Toledo, Ohio*, 13 F.4th 508, 514 (6th Cir. 2021) (analyzing Title VII and § 1981 claims "under the same framework").

To make out a prima facie case of discrimination, Plaintiff must show that "(1) he is a member of a protected group; (2) he was subjected to an adverse employment decision; (3) he was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably." *Id.* at 515 (cleaned up). At summary judgment Plaintiff has not cited evidence of a similarly situated, non-protected employee who received more favorable treatment. "When demonstrating that an employee is similarly situated, a plaintiff needn't show an exact correlation between herself and the proposed comparators, but must show similarities in all relevant aspects." *Goldblum v. Univ. of Cincinnati*, 62 F.4th 244, 255 (6th Cir. 2023) (cleaned up). Comparators "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 364 (6th Cir. 2010).  Defendant has shown that two employees named in the judicial Complaint, Christopher "Shea" Davis and Zach Walls, reported to different supervisors.  *See*

11

McCool Decl. ¶¶ 15-18 (ECF No. 36-11). For his part Plaintiff has not cited any proof to show how Plaintiff was nevertheless similarly situated to Davis, Walls, or any other non-protected employee. And nothing in the record shows how any non-protected employee received more favorable treatment than Plaintiff. Because Plaintiff has not come forward with proof to establish an essential element of his claims, Plaintiff has failed to show that a jury could return a verdict in his favor on his race discrimination claims.

## CONCLUSION

The Court holds that Plaintiff has waived his opposition to most of the issues raised in Defendant's Motion for Summary Judgment and forfeited his opposition to Defendant's Motion for Judgment on the Pleadings. To the extent Plaintiff has responded on the merits of his race discrimination claims, Plaintiff has not marshalled the evidence to prove them. Therefore, both the Motion for Summary Judgment and the Motion for Judgment on the Pleadings are **GRANTED**. The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 25, 2024.